IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SYLVESTER PARKER, JR.                                                    PLAINTIFF

CASE NO. 4:06-cv-4043

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Sylvester Parker, Jr. brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

On July 8, 2003, Plaintiff filed an application for supplemental security income (SSI) under Title XVI of the Act, alleging disability since January 1, 2001, due to asthma, Hepatitis C, and leg and back pain. (T. 83-85, 88). The Commissioner noted this was the Plaintiff's fourth application for disability benefits. Plaintiff originally filed applications for disability insurance benefits and SSI on December 10, 1998. (T. 16). These applications were denied initially and Plaintiff did not request reconsideration. On June 29, 2000, Plaintiff filed a second application, which was denied and he

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

again did not seek reconsideration. (T. 48). On September 17, 2001, Plaintiff filed a third application which was also denied initially and on reconsideration. (T. 16, 48, 55). In a June 2003 decision, an Administrative Law Judge (ALJ) denied Plaintiff's third application for benefits. (T. 48-55). Plaintiff requested review of the decision, but the Appeals Council denied the request for review. Plaintiff then filed his current application for SSI on July 8, 2003, that is the subject of this case. When Plaintiff's current application was denied initially and on reconsideration. (T. 58- 59, 63-64), he requested a hearing before an ALJ. (T. 66). On December 8, 2004, Plaintiff appeared at a hearing and was represented by counsel, Charles Barnette. (T. 27-43). On August 15, 2005, the ALJ denied Plaintiff's claim for SSI benefits. (T. 16-25). On May 25, 2006, the Appeals Council declined to review this decision. (T. 6-8). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned by consent of the parties. Both parties have filed appellate briefs, and the case is now ready for decision. (Doc. 7 & 9).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her Residual Functional Capacity ("RFC") if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

The Plaintiff appeals the decision of the Commissioner claiming he is disabled . He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski*; improperly found the Plaintiff capable of performing light work; failed to order additional consultative exams; and  failed to pose a hypothetical to the Vocational Expert ("VE").  The Defendant argues the ALJ properly evaluated the Plaintiff's subjective complaints; properly found Plaintiff capable of perfroming the full range range of light work; did not need additional consultative exams; and did need to pose a hypothetical in support of his ruling.

### A. Polaski Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credible.   He also asserts the ALJ failed to properly apply and consider the *Polaski* factors.   The Defendant argues the ALJ's credibility determination is entitled to deference by this Court and there is substantial evidence in the record to support that determination.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  These five *Polaski* factors, that provide as follows, must be analyzed in light of the claimant's subjective complaints of pain and discomfort: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

(3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

In the present action, the ALJ considered the *Polaski* factors. (T. 20-22). The ALJ properly considered Plaintiff's subjective complaints and found Plaintiff not fully credible based on his daily activities, lack of medical treatment, and the lack of objective findings made on examination. (T. 23). The ALJ noted that Plaintiff did not seek regular medical treatment. (T. 21). The ALJ noted that Plaintiff had six emergency room visits in a two year period. (T. 19). The ALJ also noted that there was no evidence of hospitalizations, physical therapy, treatment at a pain clinic, surgery, or any similar treatment for the Plaintiff's allegedly disabling pain. (T. 21).

On the first emergency room visit on October 11, 2002, Plaintiff sought treatment for asthma apparently after walking a great distance. (T. 134). He was advised to stop smoking. (T. 134). Two of the emergency room visits in September 2003, were due to Plaintiff being assaulted and injuring his ribs. (T. 147-150, 153, 160). The ALJ correctly found that these two emergency room visits did not relate to his alleged impairment. (T. 19, 21). On October 23, 2002, Plaintiff complained of shortness of breath, was given medication and released. (T. 139). The medical record from this visit indicated the Plaintiff was out of his asthma medication, Albuterol, for one day before seeking treatment. (T. 139). On a June 17, 2003, emergency room visit for shortness of breath, the Plaintiff had run out of his inhaler. (T.19). Further, this episode of shortness of breath occurred while the Plaintiff had been outside cooking on a grill. (T. 19, 145). The most recent emergency room visit on May 14, 2004, was due to asthma and Plaintiff was given breathing treatments. (T. 177). He was

prescribed a Medrol Dose Pack, antibiotics, and was advised to follow up as needed with his doctor. (T. 179).

Despite Plaintiff's complaints of back and hip pain, the ALJ noted there was no evidence of hospitalizations, physical therapy, treatment at a pain clinic, surgery, or other treatment for allegedly disabling pain. (T. 21). Although Plaintiff complained of arthritis, the ALJ noted that Plaintiff took Aleve, an over the counter medication, to relieve the arthritis pain. (T. 31, 39). Use of an over the counter medication weakens the Plaintiff's subjective complaints of pain. *See Ostronksi v. Chater,* 94 F.3d 413, 419 (8th Cir. 1996). The ALJ may consider a claimant's use of nonprescription medication when evaluating subjective complaints. 20 C.F.R. §416.929(3)(iv).

The ALJ also noted Plaintiff's activities of daily living were inconsistent with his subjective complaints of pain. (T. 22). The Plaintiff testified that he could sit for no more than one hour at a time and could not stand more than forty-five minutes at a time. (T. 39-40). However, Plaintiff's statement in a disability report indicated he cooked for three hours at a time and was able to do household chores, such as laundry, dishes, vacuuming, taking out the trash. (T. 110-111). The Plaintiff could also drive, read, shop, visit friends, rake leaves, mow the lawn, work in his garden and wash the car. (T. 110-111). These inconsistencies between subjective complaints of pain and daily living patterns weaken Plaintiff's credibility. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001).

**B. RFC Determination**

The Plaintiff claims the ALJ erred in his RFC determination that Plaintiff was able to perform the full range of light work. The Defendant contends the ALJ's RFC determination is

supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's Residual Functional Capacity ("RFC"). *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case, the ALJ's RFC determination was not in error. The Plaintiff has not pointed to any type of work restriction in his medical records. The Court's review of the medical records do not indicate the Plaintiff has any type of work restriction. *See Walker v. Barnhart,* No. 02-2009, 2002 WL 31545926, at *1 (8th Cir. 2002) (noting that the ALJ did not commit error in its RFC

determination because none of the claimant's doctors had given him work restrictions during the relevant time period). While it is clear that the Plaintiff has suffered from some health problems, no doctor has noted, and nothing in the the medical record indicates the Plaintiff is limited in his ability to work.

The ALJ also relied the examination of Plaintiff performed by Dr. Gary Nunn on January 18, 2005. (T. 182-187). Plaintiff reported a two year history of hip pain, as well as a history of arthritis, asthma, and Hepatitis C secondary to a blood transfusion after a motor cycle accident in 1982. (T. 182). At the time of the examination, Plaintiff reported taking Advair and Combivent for his asthma. (T. 182). Despite Plaintiff's history of asthma, Dr. Nunn found Plaintiff's lungs were clear. (T. 183). Dr. Nunn further found Plaintiff had a full range of motion in the extremities and 5/5 motor strength in the upper and lower extremities. (T. 183). Dr. Nunn diagnosed Plaintiff with chronic bilateral hip pain and Hepatitis C. (T. 183). He also completed a Medical Source Statement of Ability to Do Work Related Activities (physical) in which he found Plaintiff had no limitations in the ability to lift, stand, walk, sit, push or pull. (T. 184-187).

It is the Plaintiff's burden to bring forth evidence establishing his work limitations. *See Cox,* 160 F.3d at 1206. Since the Plaintiff has not met his burden, this Court finds no error in the ALJ's RFC determination.

**C.  Consultive Examinations**

Despite the fact that Dr. Nunn's examination of Plaintiff was largely unremarkable, Plaintiff claims that the ALJ should have ordered a further consultative examination by an orthopedic surgeon and a consultative examination by an inhalation specialist. (T. 131). Contrary to Plaintiff's claim,

Dr. Nunn's report does not indicate a need for further examination by an orthopedic surgeon. As noted above, Dr. Nunn found Plaintiff had no limitations in the ability to lift, stand, walk, sit, push or pull. (T. 184-185). A lack of physician imposed restrictions militates against a finding of disability. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999).

Additionally, Dr, Nunn found Plaintiff had a full range of motion in the extremities and 5/5 motor strength in the upper and lower extremities on flexion and extension. (T. 183). The ALJ also noted that Plaintiff took Aleve to relieve arthritic pain. (T. 20). The fact that Plaintiff took over the counter medication to relieve pain detracts from his claim. *See Rankin v. Apfel*, 195 F.3d 427, 430 (8th Cir. 1999).

Although Plaintiff wanted a further evaluation by an "inhalation specialist," the record also does not indicate the need for such an evaluation. The ALJ noted that when Plaintiff used his asthma medication, his asthma was controlled. (T. 21, 183). At the time of the consultative physical examination, Dr. Nunn noted Plaintiff took Combivent and Advair for his asthma. (T. 182). At the examination, Dr. Nunn found Plaintiff's lungs were clear. (T. 183). An impairment that can be controlled by treatment or medication is not considered disabling. *Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002). The ALJ noted that when Plaintiff sought treatment in the emergency room for asthma, he was out of his inhaler medication. (T. 21, 145).

The regulations provide that an ALJ may order a consultative examination only if the available evidence does not provide an adequate basis for determining the merits of the disability claim. *See* 20 C.F.R. § § 416.912(e), 416.919a(b). There was substantial evidence in the record to allow the ALJ to make an informed decision, including reports from a consulting physician,

9

disability reports, supplemental disability outlines, and a transcript from a hearing in which Plaintiff was questioned by both the ALJ and his attorney. (T. 32-34, 34-41, 110-114, 121-125, 182-187). The ALJ can make a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision. *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). Moreover, reversal for failure to develop the record is only warranted where such failure is unfair or prejudicial. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Plaintiff has not shown any prejudice as a result of the ALJ not ordering additional consultative examinations.

### D.  Use Of Medical-Vocational Guidelines

The Plaintiff argues the ALJ's failure to pose a hypothetical to the Vocational Expert ("VE"), was error.  In this case, the ALJ did not rely on the testimony of a VE at step five of the sequential analysis.  Instead the ALJ relied on Medical-Vocational Rule 202.17 to find the Plaintiff not disabled. (T. 25).  The ALJ properly found that the Plaintiff could perform the full range of "light work".  The Commissioner may use the Guidelines to find that a claimant is not disabled if the claimant's non-exertional limitations do not diminish his RFC to perform the full range of activities listed in the guidelines.  *Holz v. Apfel*, 191 F. 3d 945, 946 (8th Cir. 1999).

Substantial evidence supports the ALJ decision that the Plaintiff could perform the full range of "light work"  There was no evidence suggesting the Plaintiff is under some work restriction.  No doctor has placed any physical limitation on him.  "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category, when it requires a good deal of walking

or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *See* 20 C.F.R. § 404.1567.

Substantial evidence supports the ALJ's conclusion that Plaintiff's nonexertional limitations did not significantly erode the occupational base of jobs at the "light work" level. Although Plaintiff had a history of arthritis, Dr. Nunn found Plaintiff had 5/5 strength in both extremities. (T. 183). He found Plaintiff had no limitations in his ability to lift, stand, sit, or walk. (T. 184-185). As previously noted, the ALJ found Plaintiff's subjective complaints were not credible based on the lack of medical treatment, the lack of objective findings on examination, his daily activities, and Plaintiff's use of over the counter medication. (T. 19, 21- 22, 31, 110-111, 182-187). The ALJ may rely on the Medical-Vocational Guidelines where the ALJ permissibly discredited Plaintiff's nonexertional impairments based on the lack of evidence supporting those contentions. *See Patrick v. Barnhart*, 323 F.3d at 596.

### 4. Conclusion:

Accordingly, I conclude that the decision of the Commissioner denying benefits to the Plaintiff is supported by substantial evidence. The Commissioners decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to F.R.C.P. 52 and 58.

**ENTERED** this **13th day of April, 2007.**

/s/  Barry A. Bryant
HON.  BARRY  A.  BRYANT
U. S. MAGISTRATE JUDGE